UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:09-CV-63-KKC

KIM WARNER                                                                                                PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

BOB EVANS                                                                                              DEFENDANT.

* * * * * * * * *

This matter is before the Court on the Motion to Dismiss (Rec. No. 10) filed by the Defendant Bob Evans Farms, Inc. (the "Defendant") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(5) for insufficient service of process. For the following reasons, the Court will DENY the Defendant's motion.

**I. FACTS**

Plaintiff Kim Warner ("Plaintiff") filed a complaint with the Human Rights Commission alleging unlawful discrimination and harassment stemming from his employment with the Defendant. Plaintiff, who received a right to sue letter from the EEOC, was initially represented by counsel. However, because of alleged communication problems with his prior counsel, Plaintiff decided to file his Complaint *pro se*.

Prior to filing the Complaint, Plaintiff went to the court clerk's office to determine how to properly file a lawsuit. Plaintiff received and filled out a form, which he returned to the clerk of the court. The Complaint was filed on February 25, 2009. (Rec. No. 2). On May 1, 2009 Plaintiff received a Notice from this Court advising him that he had 120 days to serve the Defendant. (Rec. No. 3). The notice informed Plaintiff that service of process must be made

within 120 days or no later than June 25, 2009. The notice also indicated that while "the Court is aware of the difficulties facing *pro se* litigants, the Court expects all parties to follow all applicable local and federal rules." (Rec. No. 3).

On May 5, 2009, after receiving the notice, Plaintiff went to a United States Post Office and mailed a document to "Bob Evans Farms - Randy Hicks" by certified mail.[1] (Pl.'s Exh. B). Plaintiff subsequently received a printout of the tracking number for the documents he sent to the Defendant, indicating that they were delivered on May 7, 2009. (Pl.'s Exh. C). Plaintiff also received a United States Postal Service Signature verification dated May 7, 2009. (Pl.'s Exh. D). Finally, an employee of the Postal Service allegedly verbally informed Plaintiff that his certified mail had been delivered.

Upon hearing no news about his lawsuit from the Defendant or the Court, Plaintiff returned to the clerk of the court. He then determined that his initial attempt at service of process was ineffective. Upon being shown how to properly serve the Defendant by certified mail, Plaintiff served the Defendant in accordance with the requirements of FRCP 4(c)(1) on July 13, 2009. However, service of process was not perfected until after the 120 day time limit had expired. (Rec. No. 5).

Defendant now files the instant Motion to Dismiss based on the Plaintiff's failure to effectuate service of process in a timely manner in accordance with the 120 day time limits of FRCP 4(m).

## II. ANALYSIS

As amended, FRCP 4(m) provides that "if a defendant is not served within 120 days after

---

[1] The Plaintiff alleges that this was a copy of the Complaint.

the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the rule provides an exception so that "if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

In the present case, it is clear that the Plaintiff failed to effectuate proper service within the 120 day time limit set forth in Rule 4(m). While Plaintiff mailed some kind of document to the Defendant on May 5, 2009, by his own admission Plaintiff did not mail a Summons and copy of the Complaint as required by FRCP 4(c)(1). Accordingly, the decisive issue for this Court is whether the Plaintiff can establish "good cause" to excuse his failure to meet the 120 day deadline for service of process.

Absent a showing of "good cause" an action should generally be dismissed under Rule 4(m). Establishing "good cause" is the responsibility of the party opposing a motion to dismiss and requires demonstrating "why service was not made within the time constraints." *Habib v. Gen. Motor Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). Thus in this case, the burden is on the Plaintiff to establish "good cause." However, the Sixth Circuit has held that the determination of whether "good cause" exists is a discretionary one, left to the sound discretion of the district court and reviewed only for abuse of discretion. *See Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 520-21 (6th Cir. 2006) (explaining that the appellate court only reluctantly disturbs a district court's discretionary determination that good cause has been shown); *Habib v. Gen. Motor Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *Friedman v. Estate of Pressler*, 929 F.2d 1151, 1157 (6th Cir. 1991) (indicating that "whether plaintiffs have established good cause is a discretionary

determination entrusted to the district court, and we are reluctant to substitute our own judgment for that court's.").

In Defendant's Motion to Dismiss, Defendant argues that Plaintiff has failed to provide any "good cause" for the failure to timely serve the Defendant and that as a result, dismissal by this Court is required. While the Court recognizes that Plaintiff failed to properly effectuate service of process within the 120 day time limit, it does not agree with Defendant's contention that Plaintiff has offered no evidence of "good cause" for his failure to comply with Rule 4(m).

Plaintiff argues that he has "good cause" based on his reasonable and diligent efforts to effectively serve process. Furthermore, he argues that because he is a *pro se* plaintiff, Rule 4(m) should be construed leniently against him. In *Habib v. General Motors Corp.*, the Sixth Circuit recognized that some courts have allowed plaintiffs to make demonstrations of good cause by showing reasonable and diligent efforts to effectuate service of process. 15 F.3d at 74 (6th Cir. 1994). Furthermore, the court explained that Rule 4 should be construed leniently against pro se plaintiffs. *Id.* at 74; *see Nafziger*, 467 F.3d at 522 (distinguishing *Habib* because "the *Habib* plaintiff...unlike the numerous plaintiffs here, was *pro se*, thus requiring this court to construe Rule 4 leniently."). The court noted that "the *pro se* plaintiffs had no reason to know their service of process was technically inadequate." *Id.* at 75. The court ultimately found that "the *pro se* plaintiffs...diligently attempted to effect service in accordance with the district court's instructions...." *Id.* Consequently, the court overturned the district court's decision and determined that the plaintiff had shown "good cause" for failing to effectuate service of process within the required time limits. *Id.*

The Plaintiff here contends that he used reasonable and diligent efforts to comply with the

requirements of Rule 4(m) because he attempted to serve the Defendant with a copy of the Complaint well within the 120 day period. The record indicates that the Plaintiff sent a document, apparently a copy of the Complaint to the Defendant on May 5, 2009, four days after receiving the Notice from this Court requiring service within 120 days. Assuming that this document was a copy of the Complaint, the close proximity between Plaintiff's receipt of the Notice and his efforts to mail the Complaint to the Defendant indicates his diligence in pursuing this lawsuit. Furthermore, the Post Office signature confirmation presented by the Plaintiff indicates that this document was received and Defendant neither denies that the document it received was a copy of the Complaint nor claims that it was something else.

     While this attempt to effectuate service was clearly ineffective, the record also indicates that the Plaintiff exercised reasonable diligence beyond simply sending the Defendant a document in pursuing his lawsuit. Initially, he went to the clerk's office to "inquire regarding the procedure for filing a lawsuit" and filled out all the paperwork that he was given which lead to the Complaint being filed. He also sent the copy of the Complaint to the Defendant by certified mail, inquired at the Post Office whether the documents had been successfully delivered, obtained tracking information, and received a Certified Mail signature verification. Finally, Plaintiff apparently received verbal confirmation from a postal employee that the Defendant had received the Certified Mail. These efforts taken by the Plaintiff are what distinguishes this case, from the cases cited by the Defendant where the affidavits submitted by plaintiffs falling outside the time limits of Rule 4(m) showed minimal or no efforts to effectuate service of process. *See, e.g.*, *Bush v. City of Zeeland*, 74 Fed. Appx. 581, 583 (6th Cir. 2003) (affirming the district court's dismissal of the complaint for a lack of good cause because the affidavits submitted "did

not disclose any effort, however, minimal, by the plaintiffs to effect service of process...").

By contrast, when the Plaintiff failed to hear back about the status of his lawsuit, he returned to the courthouse to check on its progress. It was only at this time that he discovered that his first attempt to serve the Defendant had been ineffective. He was then shown how to correctly serve process by mail, which he did on July 13, 2009.

This Court recognizes that a similar series of mistakes made in serving process by a party represented by counsel would more likely than not be grounds for dismissal. Yet it is worth remembering that Rule 4(m) should be construed leniently by courts dealing with *pro se* litigants such as the Plaintiff. *See Habib*, 15 F.3d at 74. Considering the reasonable and diligent efforts that Plaintiff made to comply with the requirements of Rule 4(m) and the court's May 1, 2009 Order, this Court finds that sufficient "good cause" has been demonstrated to justify the failure of timely service in this particular case.

For the foregoing reasons, the Defendant's Motion to Dismiss is DENIED.

Dated this 5th day of October, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge