UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-CV-63-KKC

KIM WARNER     PLAINTIFF

v.     **MEMORANDUM OPINION AND ORDER**

BOB EVANS FARMS, INC.     DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion to dismiss filed by Defendant Bob Evans Farms, Inc. ("Bob Evans"). Rec. 32. Plaintiff Kim Warner ("Warner") has filed a Response in opposition to the motion and Bob Evans has filed a Reply. Rec. 36, 37. This matter being fully briefed, it is now ripe for review. For the reasons set forth below, the Court will grant Bob Evans's motion to dismiss.

**I.     FACTUAL BACKGROUND**

Warner is a resident of Lexington, Kentucky and was employed by Bob Evans. *Id.* at ¶¶ 1-2. Warner, who is African-American, alleges that during the course of his employment with Bob Evans, he made numerous complaints about racial harassment and discrimination. *Id.* at ¶ 9. Apparently, several of Bob Evans's regular customers referred to Warner by the "N" word and on other occasions customers stated that they did not want a "F–ing N—er" cooking their food. *Id.* at ¶ 11.

Warner contends that management refused to assist him or otherwise take action to remedy the actions of these customers. *Id.* at ¶ 12. He also claims that Bob Evans retaliated

against him for voicing his concerns. This retaliation included refusing to allow him access to the restroom while at work, pretextual allegations of sexual harassment against other employees and ultimately termination. *Id.* at ¶ 13. Bob Evans held a meeting to address Warner's concerns on March 3, 2008. However, Warner alleges his concerns were summarily dismissed and that investigation results were printed out before the meeting took place. *Id.* at ¶ 15. Warner's employment with Bob Evans was terminated on March 4, 2008. *Id.* at ¶ 16.

Warner initially filed a *pro se* complaint on February 25, 2009 alleging that Bob Evans wrongfully terminated him on March 3, 2008. Rec. 2 at 2. He also alleged that Bob Evans was discriminating against him. *Id.* On December 14, 2008 Warner was granted leave to file an amended complaint. Rec. 28. In the amended complaint, Warner alleges that Bob Evans actions violate Title VII and Kentucky Revised Statutes section 344.280. *Id.* at ¶ 14. The amended complaint also added counts for: (1) negligent hiring and retention; (2) false light; (3) defamation; (4) intentional interference with contractual relationship; and (5) violations of KRS section 338.031 and KRS 446.070.

## II. MOTION TO DISMISS

Bob Evans has moved to dismiss several of the claims asserted against it. In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Schield v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Federal Rule of Civil Procedure 8(a)(2) only requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007), the Supreme Court discussed the pleading standard under Rule 8(a)(2) and explained

that to survive a Rule 12(b)(6) motion, the nonmoving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level." Although a "complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007)(quoting *Twombly*, 550 U.S. at 555).

While *Twombly* appeared to call for a heightened pleading standard, in *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), the Supreme Court cited *Twombly* for the proposition that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the...claim is and the grounds upon which it rests." These two Supreme Court decisions left many courts unsure of *Twombly's* scope. In *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009), the Sixth Circuit noted that "[c]ourts in and out of the Sixth Circuit have identified uncertainty regarding the scope of *Twombly* and have indicated that its holding is likely limited to expensive, complicated litigation like that considered in *Twombly*."

However, the Supreme Court recently attempted to clarify *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), explaining that:

> the pleading standard Rule 8 announces does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter,

> accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than there mere possibility of misconduct, the complaint has alleged - - but has not shown - - that the pleader is entitled to relief.

*Id.* at 1949-50 (internal citations and quotations omitted).

## A. Count III - Negligent Hiring/Retention

In Count III of Warner's complaint, he asserts that "Bob Evans had a duty to Warner to conform to a reasonable standard of conduct in the hiring and retention of employees." R. 28 at 6. Warner asserts that Bob Evans knew or reasonably should have known that its employees were likely to cause tortious and other injuries to persons including Warner. *Id.* Furthermore, Warner asserts that because of Bob Evans "grossly negligent, reckless, and intentional hiring and retention," he "suffered and continues to suffer extreme mental disturbance and other injuries." *Id.*

Under Kentucky law, the elements for a negligent hiring/retention claim require a plaintiff to show that: "(1) the employer knew or reasonably should have known that the

4

employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (citing *Oakley v. Flor-Shin Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)). Bob Evans asserts that Warner has failed to state a claim upon which relief can be granted because he has not identified which employees were allegedly negligently hired or retained and what information Bob Evans possessed that caused this hiring or retention to be negligent. Bob Evans argues that Warner's allegations are nothing more than a formulaic recitation of a negligent hiring/retention claim and as such must not be accepted as true.

In reviewing the allegations in the amended complaint, the Court agrees that Warner has failed to state a claim for negligent hiring/retention upon which relief can be granted. In opposition to the motion to dismiss, Warner contends that "Bob Evans was aware of allegations and other misconduct directed against Warner by certain of its employees as well as customers as permitted by its employees." Rec. 36 at 6. While Warner asserts that management level employees refused to assist him and failed to take appropriate action to deal with the behavior of Bob Evans's customers, he has failed to make any allegations regarding how Bob Evans was negligent in hiring any of its employees. For example, Warner has made no allegations that Bob Evans knew or should have known at the time the employees were hired that they were unfit for duty. The claim for negligent retention fails for similar reasons. The amended complaint gives nothing more than a formulaic recitation of the elements of a negligent retention claim followed by legal conclusions. As a result, the Court finds that Count III fails to state a plausible claim for relief and should be dismissed. *Iqbal*, 129 S. Ct. at 1949-50.

B.    **Count IV - Defamation and Count V False Light/Invasion of Privacy**

Bob Evans initially argues that both of these counts are barred by the applicable statute of limitations. Under Kentucky Revised Statutes § 413.140(1)(d) claims for defamation including libel or slander must "be commenced within one (1) year after the cause of action accrued." According to Bob Evans, these claims were brought for the first time on December 14, 2009 and the only time frame mentioned in the amended complaint is prior to and including March 4, 2008. Because these causes of action were commenced more than one year after March 4, 2008, Bob Evans contends that they are barred by the applicable statute of limitations.

In response to the motion to dismiss, Warner does not claim that he commenced the causes of action within one year of their accrual. Rather, Warner relies on the fact that his initial complaint which did not contain these causes of action was filed *pro se*. Warner states that the initial *pro se* complaint was very brief which is why "justice required that Warner be allowed to file an amended complaint that justifiably does relate back to the initial complaint." Rec. 36 at 1-2. In further support of a finding that the newly asserted claims in the amended complaint relate back, Warner asserts that:

> [i]t is somewhat disingenuous for Bob Evans to argue ignorance of the issues of this case. For example, many of the very facts that will likely form the basis for these claims were litigated in some length before Kentucky's Unemployment Commissioner. It is understood that Bob Evans was present with counsel during that administrative litigation and actively fought Warner's claims before the state tribunal.

*Id.* at 2.

Warner has cited no authority for the proposition that the claims against Bob Evans which were added in the amended complaint should relate back to the date the original compliant was filed because the original complaint was filed *pro se*. In addition, while Warner's claims for

wrongful termination/racial discrimination/hostile work environment were known to Bob Evans by virtue of the initial complaint, that complaint gave Bob Evans no indication of the additional claims subsequently asserted in the amended complaint. The Court is also not persuaded by Warner's argument that the litigation of his unemployment compensation claim before the Kentucky Unemployment Commission put Bob Evans on notice of the defamation and invasion of privacy claims. As a result, the Court will determine whether these claims relate back to the filing of the original complaint utilizing the standards applicable to all litigants.

Under Fed. R. Civ. P. 15(c), amended pleadings relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) allows "relation back" on the theory that "once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence." *U.S. ex rel. Bledsoe v. Comm. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007). As a result, courts "will permit a party to add even a new legal theory in an amended pleading so long as it arises out of the same transaction or occurrence." *Miller v. American Heavy Lifting Shipping*, 231 F.3d 242, 248 (6th Cir. 2000). Rule 15(c)(2) does not define the terms "conduct, transaction, or occurrence." As a result, when applying this standard, courts should not give meaning to these terms "by generic or ideal notions of what constitutes a 'conduct, transaction, or occurrence,' but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading."

7

*Bledsoe*, 501 F.3d at 516 (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.").

In his initial complaint, Warner asserted a claim for wrongful termination and alleged that he had been discriminated against. Rec. 2 at 2. Warner asserted that the events in question happened on March 3, 2008 and cited various Sixth Circuit decisions discussing Title VII claims for racial discrimination. *Id.* at 3-4. The Court finds that the initial complaint did not put Bob Evans on notice to prevent it from being surprised by the addition of the defamation and false light/invasion of privacy claims in the amended complaint. As a result, Bob Evans's motion to dismiss should be granted as to Counts IV and V - defamation and false light/invasion of privacy - because those claims are barred by the one year statute of limitations found in KRS § 413.140.

In addition, the Court also finds that Counts IV and V should be dismissed because Warner has failed to plead claims upon which relief can be granted. The elements of a defamation claim require proof of (1) defamatory language, (2) about the plaintiff, (3) which is published, and (4) which causes injury to reputation. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004). Here, the amended complaint fails to set forth the alleged defamatory statements that Bob Evans made about Warner and gives no indication how Bob Evans published those statements or to whom they were published.

As such, the Court finds that the amended complaint merely recites the elements of a defamation claim followed by various legal conclusions. This is insufficient to survive Bob Evans's motion to dismiss under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555 ("a plaintiff's

8

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Warner's claim for invasion of privacy/false light suffers from a similar defect. To establish such a claim under Kentucky law, Warner must show: (1) publicity by the Bob Evans; (2) which is unreasonable; and (3) which "attributes to Warner characteristics, conduct or beliefs that are false and that he is placed before the public in a false position." *Stewart v. Pantry, Inc.*, 715 F. Supp. 1361, 1369 (W.D. Ky. 1988)(citing *McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882, 888 n.9 (Ky. 1981)). The essence of a false-light claim is that it results in creation of a false public image of the plaintiff. *Id.*

Here Warner's complaint alleges that "Bob Evans placed Warner in a false light which would be highly offensive to a reasonable person of ordinary sensibilities." Rec. 28 at 56. In addition, it is asserted that "Bob Evans had knowledge of, or acted in reckless disregard as to the falsity of, the publicized matter, the unreasonable intrusion and invasion into Warner's life and the false light in which Warner was placed." *Id.* Warner gives no indication how he was placed before the public in a false light or what false public image of him was created. Furthermore, Warner has made no allegations of how this matter was published to the public. In fact, Warner has not alleged any members of the public to whom it was published.

Warner's only argument in response to Bob Evans' motion to dismiss is the assertion that the motion is premature at this stage of the proceedings. The Court disagrees. The allegations under Count V are merely the recitation of the elements of a false light claim under Kentucky law followed by the legal conclusions required for a Bob Evans's liability. In light of recent decisions by the Supreme Court such allegations are insufficient. *See Iqbal*, 129 S. Ct. at 1950

9

(indicating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")(internal quotations and citations omitted).

C.  **Count VI - KRS § 338.031 and KRS § 446.070.**

In Count VI, Warner alleges that "Bob Evans breached KRS Chapter 338 including KRS 338.031 by purposefully placing Warner in situations that were likely to cause serious physical and mental harm." Rec. 28 at 8. Warner further alleges that "[d]espite the fact that Bob Evans was aware of Warner's situation, Bob Evans failed to take sufficient precautions for his safety and welfare." *Id.*

Under KRS § 338.031, each employer "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." In addition, employers must "comply with occupational safety and health standards promulgated under this chapter." KRS § 338.031(1)(b). While KRS § 338.031 does not create a private right of action, in this case Warner may be able to rely on KRS § 446.070 to bring a private right of action for the alleged violations of § 338.031.[1]

The elements of a KRS § 338.031 violation requiring showing that: (1) a condition or activity in the workplace presented a hazard to employees; (2) the employer or members of the

---

[1] Under KRS § 446.070, "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation..."

employer's industry recognized the hazard; (3) the hazard was likely to cause death or serious physical harm; and (4) feasible means existed to eliminate or materially reduce the hazard. *Lexington-Fayette Urban County Gov't v. Offutt*, 11 S.W.3d 598, 599 (Ky. Ct. App. 2000).

In support of the motion to dismiss, Bob Evans first asserts that Warner makes no claim of any hazard existing in his workplace,[2] much less a claim of a hazard likely to cause death or serious physical harm. Warner has alleged that Bob Evans discriminated against him during his employment and in terminating him but has failed to allege that he suffered serious physical harm. In opposing Bob Evans's motion, Warner again asserts that the motion is premature at this stage of the proceedings. R. 36 at 7-8.

Having reviewed the amended complaint, the Court finds that the claims under KRS §§ 338.031 and 446.070 should be dismissed. While Warner makes alleges that Bob Evans' discriminatory actions caused him emotional distress, embarrassment, humiliation and physical and mental pain and other suffering, the amended complaint fails to include any allegations that come even remotely close to claiming that Warner's workplace conditions caused or were likely to cause his death or serious physical harm. Accordingly, the Court will grant Bob Evans' motion to dismiss as to Count VI.

D.  **Interference with Contractual Relations and Interference with Prospective Contractual Relations.**

Warner asserts that "Bob Evans's conduct was intended to interfere with Warner's employment, business and contractual interests and the continued prospective employment relationship between Bob Evans and Warner and to otherwise harm Warner in his personal and

---

[2] An Occupational safety and health hazard is defined as "any practice or condition in a place of employment which may be deemed detrimental to the safety and health of employees." KRS § 338.015(4).

professional life." Rec. 28 at 4. Under Kentucky law, the elements of a cause of action for intentional interference with contractual relationship require: (1) a valid existing contract, (2) defendant's knowledge of this contract, (3) an intentional unjustified inducement to breach the contract, (4) a subsequent breach, and (5) resulting damages to the plaintiff. *Watkins v. Hill's Pet Nutrition, Inc.*, 63 Fed. App'x 185, 187 (6th Cir. 2003)(unpublished). The Court finds that this claim is improperly plead because the amended complaint alleges that Bob Evans intentionally interfered with its own contractual relationship with Warner. Tellingly, Warner has not filed a breach of contract claim against Bob Evans. Furthermore, intentional interference with a contractual relationship requires two contracting parties and a third party because an individual cannot interfere with the performance of their own contract. *See Grider Drug, LLC v. Express Scripts, Inc.*, 2009 U.S. Dist. LEXIS 107515 at *14-15 (W.D. Ky. November 18, 2009). Here, even assuming the existence of an employment contract,[3] Bob Evans could not have tortiously interfered with the performance of its own contract. Doing so would simply have given rise to a breach of contract claim.

Warner also alleges that Bob Evans tortiously interfered with his prospective contractual relationships with future employers. Under Kentucky law which follows the Restatement (Second) of Torts, "[o]ne who intentionally and improperly interferes with another's prospective contractual relation...is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation...." *Excel Energy, Inc. v. Cannelton Sales Co.*, 246 Fed. App'x 953, 966-67 (6th Cir. 2007)(unpublished)(quoting Restatement (Second) of Torts § 766B); *see*

---

[3] The complaint does not allege the existence of an employment contract or that Warner's termination violated an employment contract.

*also Nat'l Collegiate Athletic Ass'n v. Hornung*, 754 S.W.2d 855, 857 (Ky. 1988). Such interference is actionable whether the interference consists of "(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation." *Cullen v. South East Coal Co.*, 685 S.W.2d 187, 189-90 (Ky. App. 1983).

Warner has failed to identify the existence of any prospective contractual relationships or the expectancy of a contractual relationship that he had with any third party. Furthermore, no allegation is made that Bob Evans knew of any expectancy that Warner had in a prospective contractual relationship or how Bob Evans "intentionally and improperly interfered" with Warner's expectation. Warner has responded to Bob Evans' motion by claiming that "to the extent Warner had an expectation of employment whether with Bob Evans or other employers, bad references or other action taken which affects his future employment, provided the expectation is not specious or remote, is actionable." Rec. 36 at 7. However, this argument is not supported by any factual allegations because the amended complaint fails to allege that Bob Evans gave Warner bad references or took any other actions affecting his future employment. Because Warner's pleadings only set forth legal conclusions and a formulaic recitation of the elements supporting the intentional interference with contract and intentional interference with prospective contractual relationship claims, these claims will also be dismissed.

### III. CONCLUSION

For the reasons set forth above, it is **HEREBY ORDERED** that Bob Evans's motion to dismiss [R. 32] is **GRANTED.** Accordingly, Warner's claims in Counts III-VI and the claims for interference with contractual relations and interference with prospective advantage will be **DISMISSED.**

Dated this 8th day of April, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge